IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00149-CMA-MJW

MELISSA HUFF,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS/LIMON CORRECTIONAL FACILITY,
TOM CLEMENTS, in his official capacity,
TRAVIS TRANI, in his individual and official capacity,
FRANCIS MASSINGILL, in her individual and official capacity,
RANDY LIND, in his individual and official capacity,
WILLIAM RUSHER, in his individual and official capacity,

    Defendants.

---

## PROTECTIVE ORDER (Dkt # 46-1)

---

The Parties, by and through their respective counsel, stipulate and move the Court for entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of CONFIDENTIAL Information (as hereinafter defined) and, as grounds therefore, state as follows:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2.     Information designated "CONFIDENTIAL" shall be defined as:

(a) Documents and information produced by Colorado Department of Corrections, Limon Correctional Facility, Tom Clements, Travis Trani, Randy Lind, William Rusher, Francis Massingill,("Defendants"), or any of Defendants' agents or representatives, when designated as "CONFIDENTIAL" as provided herein, concerning current or former employees of Defendants (including Plaintiff), including personnel or personnel-related documents, internal memoranda, or calendars, and any documents that could potentially effect the safety and security of Limon Correctional Facility such as the facility floor plan or any facility schematics;

(b) Documents and information produced by or obtained through releases produced by Plaintiff, concerning individual medical, personal identification, financial and/or tax records, when designated as "CONFIDENTIAL" as provided herein; and

(c) Documents produced by Defendants regarding Defendants' financial condition.

3. CONFIDENTIAL information shall be used for the sole, strict and limited purposes of motions, discovery, preparation for trial, and trial in this action, or appeal therefrom.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendant;

      (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      (e) the Court and its employees ("Court Personnel");

      (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g) deponents, witnesses, or potential witnesses; and

      (h) other persons by written agreement of the parties.

6.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain verbal or written agreement from such person that he or she will be bound by its provisions.

7.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by lawyer who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection under Fed.R.Civ.P. 26(c).

8.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the objected is made, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. Documents designated CONFIDENTIAL shall not be filed with the Court except when required in connection with motions under Fed.R.Civ.P. 12, 37, or 56, motions to determine confidentiality under the terms of this Protective Order, motions related to discovery disputes if the confidential documents are relevant to the motion and in appendices, briefs, or pleadings relating to an appeal. In the event it is necessary for the parties to file CONFIDENTIAL information with the Court, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

11. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 27 day of January, 2012.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

s/ Tiffany J. Drahota

David A. Lane, Esq.
Tiffany J. Drahota, Esq.
Lauren L. Fontana Esq.
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202
Phone: 303-571-1000
Fax: 303-571-1001
tdrahota@kln-law.com
*Counsel for Plaintiff*

s/ Michael D. Scott

Michael Scott
Civil Litigation and Employment Law Section
1525 Sherman St., 7th Floor
Denver CO 80203
Ph: 303.866.5981
Fax: 303.866.5443
Michael.scott@state.co.us
*Counsel for Defendants*